IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

OLLIE LEON HARMON III, )
)
      Plaintiff, )
)
v. ) Civil Action No. 3:08-CV-799
)
CB SQUARED SERVICES )
INCORPORATED, )
)
      Defendant. )

## MEMORANDUM OPINION
(Denying Defendant's Motion to Dismiss)

This case involves an alleged violation of the Employee Polygraph Protection Act, 29 U.S.C. 2001, *et. seq.* ("EPPA") by Defendant CB Squared Services Incorporated ("CB Squared"). Plaintiff Ollie Leon Harmon, a former employee of CB Squared, claims Defendant wrongfully required him to take a polygraph examination and unlawfully terminated him based on the test's results. The case is currently before the Court on a Rule 12(b)(6) Motion to Dismiss for failure to state a claim (Dkt. 7) filed by Defendant CB Squared. Both parties have filed memoranda of law in support of their respective positions. Additionally, Defendant has also submitted additional materials, including an affidavit and several exhibits, in support of its Motion to Dismiss. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court and argument would not aid in the decision making process. For the reasons detailed herein, Defendant's Motion to Dismiss will be denied.

## I. Factual Background[1]

On October 9, 2008, approximately one year and four months after Plaintiff began working for CB Squared, Defendant requested that Plaintiff take a polygraph examination. Compl. ¶¶ 6-7. Defendant allegedly informed Harmon on October 14, 2008 that he would be taking the polygraph examination the next day, October 15, 2008, in Richmond, Virginia. Comp. ¶8. Although CB Squared gave Harmon written directions to the office of the polygraph examiner, Harmon alleges that Defendant provided him with no other documents relating to the polygraph exam. Comp. ¶8.

On October 15, 2008, Mr. Harmon contends that he took the polygraph exam in Richmond, Virginia. Comp. ¶9. The next day, October 16, 2008, CB Squared allegedly terminated Harmon's employment because the results of his exam showed "deception." Comp. ¶10. Harmon now claims that CB Squared violated the EPPA by causing him to take the polygraph examination, failing to provide him with certain documents required by the EPPA, and terminating him based on the test's results. Comp. ¶¶ 11-13.

In its Motion to Dismiss, Defendant disputes Plaintiff's factual allegations and argues that his claims under the EPPA lack merit. Mot. at 3-4. Defendant further responds that Harmon's claim must be dismissed because Plaintiff failed to submit to "mediation and/or arbitration" of his EPPA claims pursuant to the terms of a "Dispute Resolution Agreement" he signed incident to his employment with CB Squared. Mot. at

---

[1] When the Court considers a motion to dismiss under Rule 12(b)(6), "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 89 S. Ct. 1843, 1849 (1969). Therefore, the factual background of the case is based solely upon the allegations of Plaintiff's complaint.

4. The Court will consider each of Defendant's arguments in turn.

## II. Standard of Review

A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted "tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(a)(2). Generally, a complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 127 S. Ct. at 1964–65. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* When considering a motion to dismiss under Rule 12(b)(6), the Court "must assume that the allegations of the complaint are true and construe them in the light most favorable to the plaintiff." *Martin*, 980 F.2d at 952.

## III. Analysis

### A. Defendant's Factual Arguments and Supplemental Documents

In support of its Motion to Dismiss, Defendant has submitted documents, affidavits, and other exhibits which, Defendant claims, tend to contradict the factual allegations of Plaintiff's Complaint. On a motion to dismiss under Rule 12(b)(6), if

3

"matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The Court, however, retains discretion to disregard any extraneous exhibits submitted by Defendant and to treat the motion as a standard one for failure to state a claim under Rule 12(b)(6) instead. *See Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007).

The case at bar is at an early stage–the Complaint was only filed in December of 2008. Accordingly, it is unlikely that either side has had sufficient opportunity to conduct the discovery necessary to support a Rule 56 motion for summary judgment.[2] The Court therefore declines to convert Defendant's Motion to Dismiss into a motion for summary judgment at this time. Accordingly, the Court will disregard all factual arguments and exhibits submitted by Defendant that fall outside the four corners of the pleadings when considering Defendant's Motion to Dismiss for failure to state a claim.

### B. Plaintiff States a Claim for Violation of the EPPA

Defendant contends that Plaintiff's Complaint fails to state a claim for violation of the EPPA. The statute provides that it is unlawful for an employer "to require, request, suggest, or cause any employee or prospective employee to take or submit to any lie detector test." 29 U.S.C. § 2002(1). Nor may an employer "use, accept, refer to, or inquire concerning the results" of an employee's polygraph test or "discharge . . . any employee . . . on the basis of the results of any lie detector test." 29 U.S.C. § 2002(2)-(3).

---

[2]The Court also notes that Local Civil Rule 56(c) typically prevents a party from filing multiple motions for summary judgment.

4

Several exceptions to the EPPA do permit polygraph examinations under limited circumstances, provided that certain statutory procedures are observed. *See* 29 U.S.C. § 2006(d).

Plaintiff's Complaint alleges that Defendant, his employer, violated the EPPA by forcing him to take a polygraph examination. Plaintiff further alleges that CB Squared not only later referenced the results of his polygraph exam, but also used the results as the basis for his termination. Moreover, Plaintiff's Complaint states that Defendant CB Squared failed to provide him with relevant documents necessary to take advantage of certain exceptions to the EPPA's prohibitions.

Accepting Plaintiff's allegations as true, as it must do, the Court concludes that Plaintiff's Complaint states a claim for relief under the EPPA. Although Plaintiff provides only sparse details surrounding the polygraph test and his resultant dismissal, a complaint need not assert "detailed factual allegations" to survive a motion to dismiss under Rule 12(b)(6). *Twombly*, 127 S. Ct. 1955, 1964-65. Here, Plaintiff has pleaded facts which, if proven, would support a claim for relief under the EPPA. *See Worden v. SunTrust Bank*, 549 F.3d 334, 341 (4th Cir. 2008) (requiring plaintiff to "show that the results of the polygraph examination were a factor in the termination of employment" to establish a prima facie case of violation of the EPPA).

Disputing Plaintiff's version of the facts, Defendant argues that Plaintiff's legal claims lack merit. Mot. at 2-4. Defendant further contends that, under its version of the facts, certain exceptions to the EPPA bar Plaintiff's claims. *See, e.g.,* 29 U.S.C. §

2006(d). Defendant, however, misunderstands the purpose of a Rule 12(b)(6) Motion, which "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C.*, 980 F.2d at 952. Accepting Plaintiff's allegations as true and construing all inferences in his favor, the Court concludes that Plaintiff's Complaint–though terse–states a claim for relief.

### C. Plaintiff May Not Waive His Rights Under the EPPA

Defendant also contends that Plaintiff's claim must be dismissed because Plaintiff previously agreed to submit any legal claims stemming from his employment at CB Squared for private "mediation and/or arbitration." *See* Mot. Ex. 6.[3] This arbitration agreement is, in effect, a contractual waiver of Plaintiff's right to bring suit on an EPPA claim in federal court.

The EPPA itself grants Plaintiff the right to bring suit in federal court for an alleged violation of the statute. *See* 29 U.S.C. §2005(c)(1)-(2). Under the EPPA, however, "[t]he rights and *procedures* provided by [the EPPA] may not be waived by contract or otherwise . . .." 29 U.S.C. § 2005(d) (emphasis added). Because the EPPA expressly prohibits the waiver of Plaintiff's procedural right to bring suit in federal court for an alleged violation, Defendant's arbitration argument must fail.

Even if Plaintiff could waive his right to sue under the EPPA by entering into an otherwise-valid arbitration agreement, dismissal of his EPPA claim would not be the

---

[3] The Court notes that the arbitration agreement, like other exhibits submitted by Defendant, is beyond the four corners of Plaintiff's Complaint and therefore cannot serve as the basis for dismissal for failure to state a claim under Rule 12(b)(6).

6

proper remedy. Rather, the Federal Arbitration Act requires a district court, "on application of one of the parties," to stay any action subject to arbitration "until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Therefore, even if Plaintiff had validly waived his right to sue in federal court under the EPPA, a stay–not dismissal–would be the appropriate remedy.

### III. Conclusion

For the foregoing reasons, the Court concludes that Plaintiff's Complaint states a claim for violation of the EPPA. The Court therefore will deny Defendant's Rule 12(b)(6) Motion to Dismiss. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

ENTERED this 29th day of Jan, 2009.
Richmond, VA